Steven L. Weinstein (Bar No. 67975)
steveattorney@comcast.net
Attorney at Law
5101 Crockett Place
Oakland, Ca 94602
P.O. Box 27414
Oakland, Ca 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181
*Attorney for Plaintiff Daniel Helix, and the Class*
[*Additional counsel for Plaintiff and the Class appearing on signature page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DANIEL HELIX, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| 1-800 REMODEL, INC., a California corporation, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Daniel Helix ("Plaintiff" or "Helix") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant 1-800

CLASS ACTION COMPLAINT
-1-

Remodel, Inc. ("Defendant" or "1-800 Remodel") to (1) stop its practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express consent; (2) to enjoin Defendant from continuing to place such calls to consumers; and (3) to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Defendant 1-800 Remodel is a nationwide network of top licensed contractors, available for most remodeling jobs. 1-800 Remodel sets homeowners up with multiple contractors and quotes in order for a homeowner to compare and contrast remodeling rates.

2. On information and belief, 1-800 Remodel runs a 50-person call center[1] in Los Angeles, California to generate its calls for its various clients looking to secure a quote and/or rates for remodeling:

---

[1] https://www.workpop.com/community/posts/nWjQgWWdLZBCggFSo/applying-for-windows-and-doors-associate-at-ibtech-staffing.



3. Unfortunately for consumers, 1-800 Remodel casts its marketing net too wide. That is, in an attempt to generate business, 1-800 Remodel conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited calls to consumers' telephones and to telephone numbers listed on the National Do Not Call Registry without prior express consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. By making the telephone calls at issue in this Complaint, 1-800 Remodel caused Helix and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Helix and the other Class members' use and enjoyment of their cellular telephones, including the related data, software, and hardware components.

5. The TCPA was enacted to protect consumers from unsolicited telephone calls like the call alleged in this case. In response to 1-800 Remodel's unlawful conduct, Helix files the instant lawsuit and seek an injunction requiring 1-800 Remodel to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Daniel Helix is a natural person over the age of 18. Helix resides in Rodeo, California, in this District.

7. Defendant 1-800 Remodel is a corporation organized and existing under the laws of the State of California with its headquarters located at 5850 W. 3rd St., #160, Los Angeles, California 90036. Defendant conducts business throughout this District, the State of California, and the United States.

**JURISDICTION AND VENUE**

8. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., which is a federal statute.

9. The Court has personal jurisdiction over 1-800 Remodel because it solicits significant consumer business in this District and the unlawful conduct alleged in this Complaint occurred in or was directed to this District.

CLASS ACTION COMPLAINT
-4-

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because 1-800 Remodel solicits a significant amount of consumer business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

11. Defendant 1-800 Remodel is a telemarketing company headquartered in California that, upon information and belief, uses a call center in Los Angeles, California, to make unsolicited telemarketing sales calls.

12. Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call cellular telephone users *en masse* for the purpose of promoting its services, often times, as in the instant case, calling consumers on their cellular phones.

13. In fact, 1-800 Remodel itself makes it known that it uses dialer equipment on its own website:

"[b]y submitting your information, you authorize up to four home improvement companies that can help with your project to call you on the phone number provided, and you understand that they may use *automated phone technology to contact you*, which may include artificial or pre-recorded calls and/or text messages, and that your consent is not required to purchase products or services" (emphasis added). [2]

This "automated phone technology constitutes as an ATDS under the TCPA.

14. Even though 1-800 Remodel purports to gain appropriate consent to call leads using an autodialer, in 1-800 Remodel's overzealous marketing attempts, it placed (and continues to place) phone calls to consumers that never provided prior express consent to be called and to consumers' telephones with whom it had no prior business relationship.

15. 1-800 Remodel, on its own and/or through its agents, uses a variety of local phone numbers to make these unlawful sales calls to consumers.

16. Not surprisingly, consumers have repeatedly spoken out against

---

[2] http://1800remodel.com/remodeling/?type=windows&zipcode=94572

Defendant's pervasive and widespread telemarketing practices:

- We received a MINIMUM of five calls every day for over a month. It needs to stop.[3]
- It's a company that remodels. I told him no. He just said I can get govt asst. he gave me long explanation about getting government asst. I just hung up on him. He called me thru the weekend and called me on Labor Day.[4]
- Answered. No one said anything. Please blocked [sic] this number.[5]
- It's a remodeling I said no. They still call.[6]
- Calls me 6 + times a day. I have picked up twice telling them to stop calling me. They claim to be from 1800REMODEL offering free estimates on window installation in your area. No idea how they got my number, but I sure as hell don't want random people coming to my house to look at windows. I got a call the other day wanting me to talk about my home security team.[7]
- [T]his number has called my phone approx.. 20 times, buy say nothing.[8]
- Same as above, no message either.[9]
- Called me multiple times and when they finally did speak they asked for a person that wasn't me.[10]
- Will not take no for an answer. Completely rude * and the National Do Not Call List is WORTHLESS!!![11]
- Calls daily, never leaves message, and when I do answer the call, they hang up.[12]

---

[3] http://800notes.com/Phone.aspx/1-323-331-9969
[4] *Id.*
[5] *Id.*
[6] http://callername.com/user/marked/3233319969
[7] *Id.*
[8] http://whocallsme.com/Phone-Number.aspx/3233319969
[9] *Id.*
[10] *Id.*
[11] http://shouldianswer.com/phone-number/3233319969
[12] http://mrnumber.com/1-323-331-9969/complaints

17. In making the phone calls at issue in this Complaint, 1-800 Remodel and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by 1-800 Remodel (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. 1-800 Remodel's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously (all without human intervention).

18. There are numerous third party services that will additionally scrub the call lists for a telemarketer to segment out landline and cellular telephone numbers, since the consent standards differ depending on what type of phone a telemarketer is calling.[13] Indeed, one service can:

> Instantly verify whether a specific phone number is wireless or wireline to learn if TCPA regulations apply – and verify the identity of the current subscriber to determine if they are the same party who provided you with consent.[14]

19. 1-800 Remodel knowingly made (and continues to make) telemarketing calls without the prior express consent of the call recipients and knowingly continues to call such consumers after requests to stop. As such, 1-800

---

[13] See e.g. http://www.dncsolution.com/do-not-call.asp; http://www.donotcallprotection.com/do-not-call-compliance-solutions-1; http://www.mindwav.com/tcpa_compliance_solution.asp.
[14] https://www.neustar.biz/services/tcpa-compliance

CLASS ACTION COMPLAINT
-8-

Remodel not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**FACTS SPECIFIC TO PLAINTIFF HELIX**

20. On January 11, 2006, Helix registered his cellular telephone number with the National Do Not Call Registry in order to avoid receiving unsolicited telemarketing calls.

21. On or around December 9, 2016, Helix received a call from 1-800 Remodel on his cellular telephone from the phone number 323-331-9969.

22. Upon answering the call, Helix noticed a distinct, 2 - 3 second pause, which is a distinct indicator of the use of an ATDS.

23. After the distinct pause, an agent who identified herself as "Courtney" came on the line. She explained to Helix that she was calling from Defendant, 1-800 Remodel.

24. Helix questioned why he was being contacted with a solicitation call. He then asked to be put on 1-800 Remodel's do not call list.

25. On information and belief, 1-800 Remodel was calling him in an attempt to refer him to one or more contractors for remodeling quotes.

26. Helix does not, and did not, have a relationship with 1-800 Remodel, has never provided his cellular telephone number directly to 1-800 Remodel, and has never requested that 1-800 Remodel place a call to him to offer him its services.

Simply put, Helix has never provided any form of prior express written consent to 1-800 Remodel to place a call to him and has no prior business relationship with 1-800 Remodel.

27.     As a result of Defendant's intrusive call, Plaintiff suffered harm and an invasion of his privacy.

28.     1-800 Remodel is and was aware that the above-described telephone calls were being made either by them directly, or made on their behalf, and that the telephone calls were being made to consumers who had not consented to receive them.

29.     To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits such unsolicited telemarketing calls to cellular telephone numbers absent express prior consent.

## CLASS ALLEGATIONS

30.     **Class Allegations**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and the class defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) 1-800 Remodel (or a third person acting on behalf of 1-800 Remodel) called; (2) on the person's cellular telephone number; (3) for whom 1-800 Remodel claims it obtained prior express consent in the same manner as 1-800 Remodel claims it obtained prior express consent to call the Plaintiff.

CLASS ACTION COMPLAINT
-10-

The following people are excluded from the Class:

(1) any Judge or Magistrate presiding over this action and members of their families; (2) 1-800 Remodel, its subsidiaries, parents, successors, predecessors, and any entity in which 1-800 Remodel or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and 1-800 Remodel's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the need to amend the class definition following discovery related to such issues.

31. **Numerosity**: The exact size of the Class is unknown and is not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, 1-800 Remodel made telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through 1-800 Remodel's records.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Helix and the Class, and those questions are central to the case and predominate over any questions that 1-800 Remodel may

claim affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  (a) Whether Defendant's conduct violated the TCPA;

  (b) Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls; and

  (c) Whether Defendant made the calls with the use of an ATDS.

  (d) Whether the Plaintiff and the other members of the Class are entitled to statutory damages;

  (e) Whether Defendant acted willfully so as to require an award of treble or punitive damages; and

  (f) Such additional issues as may be identified through discovery.

33. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of 1-800 Remodel's uniform wrongful conduct during transactions with Plaintiff and the Class.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to

those of the Class, and 1-800 Remodel has no defenses unique to Plaintiff.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because 1-800 Remodel has acted or refused to act on grounds generally applicable to the Class as a respective whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class. 1-800 Remodel's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on 1-800 Remodel's conduct with respect to the Class as a respective whole, not on facts or law applicable only to Plaintiff.

36. **Superiority and Manageability**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by 1-800 Remodel's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from 1-800 Remodel's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense

CLASS ACTION COMPLAINT
-13-

to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of the Plaintiff Helix and the Autodialed No Consent Class)**

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to the Plaintiff and the other members of the Autodialed No Consent Class—without their prior express written consent—in an effort to sell its services.

39. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

40. Defendant utilized equipment that made the telephone calls to the Plaintiff and other members of the Class simultaneously and without human intervention.

41. By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

42. As a result of 1-800 Remodel's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and a reduction in their allotment of minutes and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43. Should the Court determine that 1-800 Remodel's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Daniel Helix, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Daniel Helix as the representative of the Class and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages to be paid into a common fund for the benefit of the Plaintiff and the Class Members

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

6. An order requiring Defendant to identify any third-party involved in the autodialed calling as set out above, as well as the terms of any contract or compensation arrangement it has or had with such third parties;

7. An injunction requiring 1-800 Remodel and its agents to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

8. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

9. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

10. Permitting Plaintiff and the Class leave to amend the Complaint to conform to the evidence presented at trial; and

11. Such other and further relief that the Court deems reasonable and just.

# JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**DANIEL HELIX**, individually and on behalf of all others similarly situated,

Dated: February 16, 2017

By: s/Steven L. Weinstein
One of Plaintiff's Attorneys

Steven L. Weinstein (Bar No. 67975)
(steveattorney@comcast.net)
Attorney at Law
5101 Crockett Place
Oakland, Ca 94602
P.O. Box 27414
Oakland, Ca 94602
Telephone: (510) 336-2181
Facsimile: (510) 336-2181

Blake J. Dugger*
(blake@stefancoleman.com)
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 South Biscayne Boulevard, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Counsel for Plaintiff and the Putative Class*

*pro hac vice* admission to be filed

CLASS ACTION COMPLAINT
-17-